PER CURIAM.
This matter is before the Court on respondent’s Petition for Leave to Resign Pending Disciplinary Proceedings, pursuant to article XI, Rule 11.08 of the Integration Rule of The Florida Bar.
The petition states as follows:
1. [Respondent] is fifty-one years old and has been a member of The Florida Bar since November 6, 1958.
2. There have been no prior disciplinary actions against [respondent].
3. Pending disciplinary cases are assigned to the Honorable John W. Booth, Referee, for hearing. The following is a summary of the allegations of the complaints in these cases:
A. The Florida Bar case Numbers 09A81C59, 09A82C13 and 09A83C33 have been filed together in the Supreme Court of Florida, Case Numbers 62,672 and 67,245. The cases relate to Respondent’s law practice, based in New Jersey, which advertised nationwide for insurance subrogation claims. The cases involve allegations of the use of a solicitor to obtain professional *1272 employment, advertising his services in a misleading manner, creating an unjustified expectation on the part of his clients, asserting a position on behalf of Respondent’s clients by letters that would serve only to harass another person, communicating directly with a person who was represented by counsel after being notified of that fact, by making false statements of law or fact, failing to properly supervise his non-lawyer personnel to insure compliance with the Code of Professional Responsibility, failing to maintain proper trust account records, and to follow proper trust account procedures, and failing to timely file proper bank account statements in accordance with Florida Bar Rules.
4. There are no allegations or evidence that the [respondent] has misappropriated client funds or has committed any act involving interference with the administration of justice, false swearing, deceit, concealment, embezzlement, willful misuse of client’s funds, theft nor any conduct involving moral turpitude.
5. [Respondent] has not practiced law in the State of Florida for approximately the past two and one-half years and, prior to the commencement of these proceedings, [respondent] had not intended to practice in the State of Florida. Although [respondent] denies that he has knowingly engaged in any unethical conduct and he believes in good faith that he has valid defense to the pending disciplinary complaints filed against him, nevertheless, in order to avoid the costs, expense and time that would be involved in defending these complaints, prefers to resign from The Florida Bar, provided that this petition, and Respondent’s resignation, shall not be deemed to be an admission of any of the allegations of the pending matters set forth above, and that this petition and the statements contained herein shall not be used in any other proceedings of any nature in this or in any other jurisdiction except as expressly provided in the Florida Bar Integration Rules.
6. [Respondent] has at all times acted in good faith and has fully and completely cooperated with The Florida Bar pertaining to these disciplinary proceedings.
7. The allegations of trust fund record keeping violations or discrepancies as set forth in the complaints are the result of unintentional inadvertence and said complaint resulted from an audit of [respondent’s] trust accounts.
8. [Respondent] believes that the public interest will not be adversely affected by the granting of this petition and that permitting the [respondent] to resign will not adversely affect the purity of the courts nor hinder the administration of justice nor the confidence of the public in the legal profession.
9. [Respondent] understands and agrees that he is liable for any costs incurred by The Florida Bar in prosecuting disciplinary proceedings against him. The [respondent] is willing, on a voluntary basis, to reimburse The Florida Bar for the costs incurred in these disciplinary proceedings.
10. There are no allegations that clients have suffered any loss nor have any clients been prejudiced. There have never been any client security fund claims against [respondent], and [respondent] is confident that there will be no such claims. [Respondent], in full spirit of cooperation, agrees to continue to cooperate with the client security fund in the event such claims arise, and understands that he will remain liable to make restitution for moneys due to his clients concerning the above-mentioned pending cases.
11. The [respondent], Richard D. Bennett, knows that he is petitioning for leave to resign from The Florida Bar and that if granted, he will not be allowed to practice law in the State of Florida unless he later applies for readmission and complies with the requirements for admission in effect at the time he applies.
12. [Respondent] is represented by counsel in this matter, and this petition is voluntarily submitted.
*1273 13. [Respondent] agrees to a waiver of confidentiality regarding the facts of these proceedings, but does not waive his rights of confidentiality in any other respect.
The Florida Bar having now filed its response supporting the Petition for Leave to Resign Pending Disciplinary Proceedings and the Court having reviewed the same and determined that the requirements of Rule 11.08(3) are fully satisfied, the Petition for Leave to Resign is hereby approved effective immediately.
Judgment for costs in the amount of $6,759.19 is hereby entered against respondent, for which sum let execution issue. It is so ordered.
ADKINS, Acting C.J., and OVERTON, MCDONALD, SHAW and BARKETT, JJ., concur.